UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS E. ABBOTT, JEFFREY T. GARNER, JOHN LLOYD, and ROBERT L. BROWN,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BRENT REINKE, OLIVIA CRAVEN, IDAHO DEPT. OF CORRECTIONS, IDAHO COMMISSIONS OF PARDONS AND PAROLE, IDAHO DEPT. OF HEALTH AND WELFARE, and IDAHO DISTRICT COURTS (all districts),<br><br>                    Defendants. | Case No. 1:11-cv-00561-BLW<br><br>**INITIAL REVIEW ORDER** |

The Clerk of Court conditionally filed Plaintiffs' Complaint due to their status as prisoners and their in forma pauperis requests. As a result, Plaintiffs' Complaint is subject to review by the Court to determine whether it or any of its claims are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the Complaint without prejudice to filing individual amended complaints or petitions for writs of habeas corpus, as might be appropriate in each inmate's particular circumstances.

**INITIAL REVIEW ORDER - 1**

## REVIEW OF COMPLAINT

**1.     Standard of Law**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiffs bring claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court clarified that, to state a claim that will survive summary dismissal, the complaint must contain not only sufficient factual content, but facially plausible factual content. *Id.* at 678. As to the first principle, the *Iqbal* Court explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

As to the second principle, the *Iqbal* Court reiterated that "only a complaint that states a plausible claim for relief survives" summary dismissal or a motion to dismiss. 556 U.S. at 679. Particularly, the Court explained:

**INITIAL REVIEW ORDER - 2**

Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id*. at 679.

## 2.    Background

Plaintiffs are four convicted felons who have been evaluated and sentenced based on Idaho Code § 19-2523, which is entitled "Consideration of mental illness in sentencing." That section provides:

(1) Evidence of mental condition shall be received, if offered, at the time of sentencing of any person convicted of a crime. In determining the sentence to be imposed in addition to other criteria provided by law, if the defendant's mental condition is a significant factor, the court shall consider such factors as:

(a) The extent to which the defendant is mentally ill;

(b) The degree of illness or defect and level of functional impairment;

(c) The prognosis for improvement or rehabilitation;

(d) The availability of treatment and level of care required;

(e) Any risk of danger which the defendant may create for the public, if at large, or the absence of such risk;

(f) The capacity of the defendant to appreciate

**INITIAL REVIEW ORDER - 3**

the wrongfulness of his conduct or to conform
his conduct to the requirements of law at the
time of the offense charged.

(2) The court shall authorize treatment during the period of
confinement or probation specified in the sentence if, after the
sentencing hearing, it concludes by clear and convincing
evidence that:

(a) The defendant suffers from a severe and reliably
diagnosable mental illness or defect resulting in the
defendant's inability to appreciate the wrongfulness of
his conduct or to conform his conduct to the
requirements of law;

(b) Without treatment, the immediate prognosis is for
major distress resulting in serious mental or physical
deterioration of the defendant;

(c) Treatment is available for such illness or defect;

(d) The relative risks and benefits of treatment or
nontreatment are such that a reasonable person would
consent to treatment. (of the offense charged.)

(3) In addition to the authorization of treatment, the court shall
pronounce sentence as provided by law.

I.C. § 19-2523.[1]

Plaintiffs allege, in wholesale fashion, that the state courts and the state prisons

have not followed this statute or the recommendations of mental health evaluators for

placement and treatment during sentences. Plaintiffs allege that they should have received

civil commitment rather than criminal punishment. (Complaint, Dkt. 2.) They assert

---

[1] It is to be noted that Idaho has a civil commitment statute, but the Plaintiffs do
not assert that they are under orders of civil commitment. *See* I.C. § 66-329.

**INITIAL REVIEW ORDER - 4**

various constitutional claims arising from these allegations, but because the claims are "threadbare" and conclusory, an amendment will be required if any Plaintiff wishes to proceed with his case.

### 3.      Whether the Claims Implicate Plaintiffs' Sentences

Because the claims involve criminal sentences, a threshold issue in this case is whether the claims are of the nature of civil rights or habeas corpus. While certain types of claims may be brought as § 1983 claims, others must be asserted in habeas corpus actions because they implicate the bar of *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), where the United States Supreme Court determined that a prisoner in state custody cannot use a civil rights action to challenge the fact or duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005). The *Wilkinson v. Dotson* opinion addressed parole claims, but its reasoning, based on *Heck v. Humphrey*, is equally applicable to sentence challenges.

In *Wilkinson v. Dotson*, the Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility . . . and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." *Id*. at 82. When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Dotson*, the Supreme Court noted that its previous cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no

**INITIAL REVIEW ORDER - 5**

matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82.

Here, Plaintiffs allege that they are challenging "the imposition of a sentence." (Dkt. 2, p. 3.) To the extent that any claim seeks a different sentence (such as commitment to a mental health institution rather than incarceration in prison) or a change in the sentence length (such as a shorter criminal sentence), it is not cognizable here, but must be asserted in habeas corpus. To the extent Plaintiffs wish to clarify their claims to allege that their prison conditions are constitutionally inadequate in the provision of mental health treatment, such claims may be brought in an amended civil rights complaint.

## 4.    Discussion

### A.    *Eighth Amendment Cruel and Unusual Punishment Claim*

Plaintiffs allege that Defendants "have all violated Plaintiffs' Eighth Amendment Rights of the U.S. Constitution by pronouncing criminal sentences upon diagnosed mental patients by punishing these patients rather than treating these special offenders with rehabilitation . . . according to the procedures pro[mulgated] by Idaho Code §§ 19-2520, 19-2522, 19-2523 and the entire title 66 of I.C." (Complaint, Dkt. 2 p. 5.)

#### (1)    Fact of Confinement

As set forth above, to the extent that Plaintiffs are challenging the fact of

confinement–a criminal sentence rather than a mental health commitment–they have not stated a cognizable civil rights claim, but must proceed in habeas corpus.

### (2)    Facial or As Applied Constitutional Challenge

To the extent that Plaintiffs are challenging the statute itself as violating the Eighth Amendment, either facially or as applied, they have failed to state a claim, because there is no constitutional right to rehabilitation or to placement in a mental hospital for convicted felons, as opposed to placement in a penal institution which offers mental health treatment. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (no right to a particular security classification or to prison rehabilitative services); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no general right to rehabilitation).[2]

Similarly, United States Supreme Court cases on civil commitment address the opposite argument: that a person cannot be placed in civil commitment indefinitely, without initial and continuing due process protections; the Court finds no cases supporting Plaintiffs' claim that a mentally ill person has a *constitutional right* to be civilly committed, rather than sentenced, after conviction, as Plaintiffs argue. *See Kansas v. Hendricks*, 521 U.S. 346 (1997); *Jackson v. Indiana*, 406 U.S. 715 (1972); *Baxstrom v. Herold*, 383 U.S. 107 (1966).

### (3)    Particular Conditions of Confinement

To bring an Eighth Amendment challenge to one's conditions of confinement, a

---

[2] *Hoptowit* was abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995) (setting forth due process liberty interest test).

**INITIAL REVIEW ORDER - 7**

plaintiff must allege specific facts supporting the elements of such a claim. An Eighth

Amendment claim must allege facts showing that Plaintiffs are incarcerated under

conditions posing a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825,

834 (1994), or that their conditions of confinement are "offensive to human dignity."

*Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991). In addition, a plaintiff must allege

facts showing that prison officials' "acts or omissions [were] sufficiently harmful to

evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503

U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).

The Supreme Court has opined that "[b]ecause society does not expect that

prisoners will have unqualified access to health care, deliberate indifference to medical

needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" in the following ways:
> failure to treat a prisoner's condition [that] could result in further significant
> injury or the unnecessary and wanton infliction of pain; . . . [t]he existence
> of an injury that a reasonable doctor or patient would find important and
> worthy of comment or treatment; the presence of a medical condition that
> significantly affects an individual's daily activities; or the existence of
> chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*,

*WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Under the Eighth Amendment, "a convicted prisoner is entitled to psychological or

psychiatric care for serious mental or emotional illness." *Inmates of Allegheny County*

*Jail v. Pierce*, 612 F.2d 754, 763 (3d Cir. 1979). There is "no underlying distinction

between the right to medical care for physical ills and its psychological or psychiatric

**INITIAL REVIEW ORDER - 8**

counterpart." *Id.* (internal citation omitted). The Eighth Amendment claim fails if the need is not serious, or if the defendants have not exhibited deliberate indifference in providing diagnostic services and treatment.

Here, Plaintiffs have failed to state which particular conditions of confinement constitute cruel and unusual punishment. It is not enough that they have alleged, in bare fashion, that they should be placed in rehabilitative programs or mental hospitals rather than in prison. Rather, each Plaintiff must allege what his mental health conditions are, what his judgment of conviction required (for example, that the statutory factors in I.C. § 19-2523(2)(a) to (d) were found applicable, by clear and convincing evidence, and that treatment was ordered during incarceration), and how the individual Defendants in whose custody Plaintiffs reside have failed to provide him with adequate mental health treatment.

> **B.**     *Miscellaneous Legal Citations*

Plaintiffs also set forth a laundry list of legal citations, including, but not limited to, the Uniform Duties to Disabled Persons Act and the Torture Prevention Act. Plaintiffs argue that these laws exemplify the evolving standards of decency required in treating mentally ill offenders. (Dkt. 2, p. 6.) However, these allegations do not satisfy the *Iqbal* pleading standards. Without setting forth more particular factual allegations, and then stating how those factual circumstances transgress any of these legal standards that may be applicable, Plaintiffs may not proceed on such claims.

> **C.**     *Fifth and Fourteenth Amendment Right to Substantive Due Process*

**INITIAL REVIEW ORDER - 9**

Plaintiffs argue that Defendants have violated Plaintiffs' Fifth and Fourteenth Amendment right to substantive due process by ignoring disposition procedures for placing mentally ill inmates in rehabilitative programs prescribed by Idaho Code.

### (1)       Fifth Amendment

First, Plaintiffs have no claim under the Fifth Amendment, because "the Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Because no named Defendant is a federal actor, Plaintiff has failed to state a claim for violation of the Fifth Amendment.

### (2)       State-Created Liberty Interest

Plaintiffs can proceed under the Fourteenth Amendment's Due Process Clause only if they can show that mentally ill inmates have a state-created liberty interest in being placed in mental hospitals or in prison rehabilitative programs. Plaintiffs have failed to point to any statute that creates such a liberty interest.

Plaintiffs focus on I.C. § 19-2523, which requires a sentencing judge to weigh a defendant's mental condition as a sentencing consideration if that condition is a significant issue. (*See* text of I.C. § 19–2523, set forth in the background section of this Order). That statute provides only that the sentencing court shall have authority to *authorize* mental health treatment, in conjunction with pronouncing the sentence provided by law. In *State v. Delling*, 267 P.3d 709 (Idaho 2011), the Idaho Supreme Court clarified:

> [T]he "defendant's mental condition is simply one of the factors that

**INITIAL REVIEW ORDER - 10**

must be considered and weighed by the court at sentencing." *State v. Strand*, 137 Idaho 457, 461, 50 P.3d 472, 476 (2002). The statute does not require that a defendant's mental condition be the controlling factor at sentencing, nor does it require the district court to specifically reference all of the factors. *Id*.

267 P.3d at 719.

Plaintiffs have failed to set forth any particular facts about their convictions and sentences; it is impossible to tell whether their circumstances even fit within any of the statutes they have cited. Whether Plaintiffs are entitled to more or different treatment within the confines of their incarceration is better examined on case-by-case basis.

### (3)    Habeas-Type Claims

If civil commitment rather than incarceration is sought under the Due Process Clause, that must be raised in each Plaintiff's criminal case or in habeas corpus. For example, in *State v. Desjarlais*, 714 P.2d 69, (Idaho App. 1986), the Idaho Court of Appeals considered just such an issue. There, it was undisputed that the convicted person had serious mental problems. The sentencing court expressed concern that it had only two options: to incarcerate or to release on probation for treatment. Because protection of society weighed in the balance, the sentencing court opted for incarceration. The Idaho Court of Appeals held that the district court did not abuse its discretion in sentencing, because it carefully weighed the facts and the sentencing options under the statute. Because such an argument implicates the *fact* of confinement, it must be brought in a criminal case appeal or a habeas corpus action by each Plaintiff.

### (4)    Due Process Conditions of Confinement Claims

**INITIAL REVIEW ORDER - 11**

To the extent that Plaintiffs are attempting to use the Fourteenth Amendment to challenge the *conditions of their confinement*, including a lack of mental health treatment, they must do so under the Eighth Amendment. The Supreme Court has instructed the federal courts that, whenever possible, they should analyze constitutional claims using an "explicit textual source of constitutional protection," rather than using "the more generalized notion of 'substantive due process'" under the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Under the *Graham* principle, Plaintiffs' claims are more appropriately construed as an Eighth Amendment claim than a Fourteenth Amendment substantive due process claim, provided that additional facts are alleged supporting the elements of an Eighth Amendment cause of action.

### D.   *Fifth and Fourteenth Amendment Procedural Due Process*

Plaintiffs also allege that Defendants have violated their procedural due process rights by purposely ignoring I.C. § 66-337, in failing to develop and adopt rules and regulations to govern the treatment of persons in their position, allegedly criminally-sentenced mental patients. (Dkt. 2, p. 9.) Plaintiffs argues that "mentally ill convicts may be received into said facilities only in accordance with Title 66, including § 66-337." However, Plaintiffs are not civilly committed patients. Therefore, without an order of civil commitment, they have no standing to assert that their rights as civilly committed patients are being violated.

### E.   *First/Fourth Amendment Unreasonable/Unlawful Seizure*

Plaintiffs allege that Defendants have unreasonably and unlawfully seized mental

**INITIAL REVIEW ORDER - 12**

patients under the First and Fourth Amendments, because the State requires mentally ill criminals to "forfeit" the "rights of the civilly committed," instead "placing them in criminal punishment conditions." (Dkt. 2, p. 10.) However, no Plaintiff has brought forward any facts showing that he was not committed to a term of incarceration by a valid state criminal judgment; thus, no Fourth Amendment "seizure" claim lies. Neither is there any case law supporting the position that Plaintiffs ever had "rights of the civilly committed," because they were not, in fact, civilly committed at any relevant time period. Under the facts alleged, Defendants have no duty to provide anything but mental health treatment commensurate with Eighth Amendment standards to those persons committed to their custody. Neither have Plaintiffs stated any facts supporting a First Amendment claim.

**INITIAL REVIEW ORDER - 13**

### F.     *Separation of Powers, Art. 1, §§ 9, 10; Art. 3, § 1*

Plaintiffs alleges that the Board of Pardons and Parole, a part of the state executive branch, has "assumed the role of review of civilly committed individuals, which by law must be undertaken by the judicial branch." (Dkt. 2, p. 12.) Plaintiffs' claim that the Board's decision violated the doctrine of the separation of powers is not a cognizable claim because the doctrine does not apply to state governments. *See Sweezy v. State of New Hampshire*, 354 U.S. 234, 255 (1957) ("the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments")*; Hughes v. Superior Court*, 339 U.S. 460, 467 (1950) ("the Fourteenth Amendment leaves the States free to distribute the powers of government as they will between their legislative and judicial branches"); *Chromiak v. Field*, 406 F.2d 502, 505 (9th Cir. 1969) (federal constitutional doctrine of separation of judicial and executive powers applies only to operation of federal government and is not binding upon the states). Accordingly, this is not a cognizable claim.

### G.     *Ex Post Facto and Bill of Attainder, Art. 1 § 9*

Plaintiffs argue that their confinement violates Art. 1 § 9, cl. 3, in the following manner:

> Ex post facto and Attainder and outlawry; . . , . Powers denied congress. This constitutional violation is made by the passions and prejudice from interfering with justice equally distributed to all; that prejudice cannot occur as a result from an impairment or disability and such disability should not permit his disposition or punishment to be greater than an offender who is free from disability. As well, such redress and accessibility for redress must be available to all accused or civilly unstable.

**INITIAL REVIEW ORDER - 14**

(Dkt. 2, p. 13.)

The ex post facto provisions of the Constitution "forbid[] the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal citation and punctuation omitted); U.S.Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. This prohibition applies to administrative regulations promulgated pursuant to statutory authority. *See Garner v. Jones*, 529 U.S. 244, 250 (2000). To be an ex post facto violation, the law or action "must be retrospective, and it must disadvantage the offender affected by it." *Id*. at 29.

Plaintiffs also mention the Bill of Attainder Clause as a constitutional basis for their claims. *See* U.S. Const. art. 1, § 9, cl. 3. The Supreme Court has explained that a bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. *Selective Service System v. Minnesota Public Interest Research Group*, 468 U.S. 841, 846-47 (1984). There are three requirements for a bill of attainder: specification of the affected person or persons, punishment, and lack of a judicial trial. *Id*. at 847.

Plaintiffs have stated no facts to support an ex post facto or bill of attainder claim. In addition, such claims challenge the very fact of confinement, and must be brought in habeas corpus.

### H.    *"Collusive Effect" Doctrine*

Plaintiffs make an indecipherable argument that the facts set forth in the

**INITIAL REVIEW ORDER - 15**

Complaint, "under the collusive effect doctrine (*Balla*, 595 F.Supp. at 1564), are statutory

violations that allow an excessive or disparate civil commitment from misguided passions

and prejudices (*id*.), increase the commitment beyond permissible statutory and moral

limits; and, the unlawful action is exacerbated by denial of redress." In *Balla*, the federal

district court noted that conditions of confinement could not be considered in isolation,

but should be considered in the whole context of the prison environment, because

particular conditions might be exacerbated by other conditions. This is not a separate

cause of action. If Plaintiffs wish to bring an Eighth Amendment conditions of

confinement claim, they should particularly outline each condition of which they

complain. Here, no facts support an Eighth Amendment conditions of confinement claim,

thus, the Complaint does not meet the standards set forth in *Iqbal*.

## I.     *Improper Defendants*

Plaintiffs cannot sue the Idaho Department of Correction, the Idaho Commission

of Pardons and Parole, or the Idaho Department of Health and Welfare in federal court,

because they are all state entities entitled to sovereign immunity. In *Hans v. Louisiana*,

134 U.S. 1 (1890), the Supreme Court held that the Eleventh Amendment prohibits a

federal court from entertaining a suit brought by a citizen against a state. The Supreme

Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and

state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. &

Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Neither can Plaintiff sue the Idaho District Courts, which are considered "arms of

**INITIAL REVIEW ORDER - 16**

the state." *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (holding that " 'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983), and *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that state courts are arms of the state for Eleventh Amendment purposes)).

5.     **Dismissal of Complaint and Leave to File New Individual Complaints**

Because Plaintiffs have failed to state a claim upon which relief can be granted, the Court will dismiss the Complaint without prejudice to each Plaintiff filing a separate amended complaint to bring Eighth Amendment conditions of confinement claims that are particular to the manner in which his own criminal sentence is being implemented or the manner in which mental health treatment is being provided, based on his own diagnosis; or to bring habeas corpus actions, which must be brought individually. For these reasons, a class action is not a superior method of fairly and efficiently adjudicating Plaintiffs' individual claims, and, thus, Plaintiff Abbott's motion for class certification will be denied. *See* Fed. R. Civ. P. 23(b).

Neither is a multi-plaintiff pro se lawsuit appropriate, given the confidentiality and security concerns inherent in cases involving inmates' mental health and medical records. Because each claim will turn on each inmate's particular (and confidential) mental health treatment, the factors for permissive joinder set forth in Federal Rules of Civil Procedure Rule 20 are not met, because the inmates' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.  Fed. R. Civ. P. 20(a)(1)(A).

**INITIAL REVIEW ORDER - 17**

Similarly, a habeas corpus action is a challenge to a single inmate's conviction and/or sentence; even co-defendants habeas corpus cases proceed separately because of the individual nature of the claims. In addition, the Court finds that the inherent security risks involved with inmates having possession of each other's medical, mental health, and state criminal case records outweigh any benefit of joinder.

Plaintiff Abbott will be permitted to file a separate amended complaint in this action; but each other Plaintiff must file their amended complaint in a separate action, and will be entitled to take advantage of the original filing date of the joint Complaint for statute of limitations purposes; each of the four Plaintiffs will be required to pay a portion of the original filing fee, rather than a new full filing fee. *See* Fed. R. Civ. P. 21 (court has discretion to add or drop parties or sever claims).

Each Plaintiff is encouraged to use the new version of the pro se prisoner civil rights packet or habeas corpus packet to better articulate his claims. For each cause of action against each defendant, each Plaintiff shall state the following: (1) the name of the person who personally participated in causing the alleged deprivation of his constitutional rights; (2) facts showing the person is a state actor (such as state employment or a state contract); (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional provision Plaintiff alleges has been violated; (6) facts alleging that the

**INITIAL REVIEW ORDER - 18**

elements of the violation are met;[3] (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

In addition, each Plaintiff should consider stating in his amended complaint whether he exhausted his administrative remedies by proceeding through all of the levels of the prison grievance procedure, including appeal to the warden, for each of his claims. The Court may not make exhaustion of administrative remedies a pleading requirement, but the amended complaints may be subject to dismissal by motion of the Defendants if Plaintiffs failed to exhaust their administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) ("failure to exhaust remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaints"); Title 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Booth v. Churner*, 532 U.S. 731 (2001) (if administrative remedies are not exhausted *prior* to the filing of a lawsuit, the lawsuit is subject to dismissal). The Supreme Court has particularly noted: "[W]e stress the point . . . that we will not read futility or other exceptions into [ the PLRA's] statutory exhaustion requirements." *Booth v. Churner*, 532 U.S. at 741, n. 6.

Any claims brought in federal court that challenge the fact or duration of a state

---

[3] For example, Plaintiffs must allege facts setting forth the elements of an Eighth Amendment claim or a First Amendment claim.

**INITIAL REVIEW ORDER - 19**

criminal sentence must be raised in a petition for writ of habeas corpus, subject to the procedural requirements of exhausting state court remedies, filing within the correct statute of limitations period, and obtaining prior authorization from the United States Court of Appeals for the Ninth Circuit if a successive federal habeas petition is to be filed.

## ORDER

**IT IS ORDERED:**

1.      Plaintiffs' Complaint (Dkt. 2) is DISMISSED without prejudice to each Plaintiff filing his own habeas corpus action or civil rights action, as may be appropriate as the circumstances of each Plaintiff and the procedural requirements may dictate. Plaintiff Abbot may file his amended complaint in this action. Each other Plaintiff must file his amended complaint in a separate action (referencing its origin in this action), but will be entitled to take advantage of the original filing date of the joint Complaint for statute of limitations purposes. Each Plaintiff will be responsible to pay a portion of the original filing fee.

2.      Plaintiff's Applications to Proceed in Forma Pauperis (Dkt. 1) are DENIED as MOOT.

3.      Plaintiff Abbott's Motion for Class Certification (Dkt. 3) is DENIED.

4.      Plaintiff Abbot's Motion for Appointment of Counsel (Dkt. 4) is DENIED as MOOT.

**INITIAL REVIEW ORDER - 20**

5.      Plaintiff Abbott's Motion for Order to Show Cause (Dkt. 10) is DENIED as

        MOOT.

6.      Plaintiff Abbott's Motion for Default (Dkt. 11) is DENIED.

DATED:  **August 1, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER - 21**